Palmer v. Palmer et al.

PALMER v. PALMER ET AL.

1. **Conveyance:** FRAUD TO IMPEACH: EVIDENCE. A conveyance of land, executed and acknowledged in due form, will not be set aside for fraud, without a decided preponderance of the evidence establishing the fraud; and the alleged fraud in this case is not so established.

2. **Evidence:** OF PERSONAL TRANSACTION WITH A DECEDENT AS AGAINST HIS ASSIGNEE. A widow, in an action to set aside a deed made by her husband to the defendant, may not testify to a personal communication between herself and her husband affecting the merits of the action. Code, § 3639.

3. **Conveyance:** DELIVERY OF DEED: WHAT CONSTITUTES. Where a deed from a father to a minor child is absolute in form and beneficial in effect, and the father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the child, and will carry with it the title to the land. In such a case, manual delivery and acceptance are not necessary. *Cecil v. Beaver*, 28 Iowa, 246, followed.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 6.

ACTION in equity to set aside a deed of one hundred and sixty acres of land. The plaintiff is the widow of one William Palmer, deceased. In April, 1881, she and her husband executed the deed in question to the defendant, Daniel Palmer, who was the son of William Palmer by a wife from whom he had been divorced. In February, 1882, William Palmer died. The plaintiff brings this action to set aside the deed, on the ground that she was induced to sign it by the fraud of her husband and the defendant, Daniel, and on the further ground that, while the deed was caused to be recorded by her husband, it was not in fact delivered to Daniel, and did not come into his possession until after her husband's death. A trial was had, and the court dismissed the plaintiff's petition. She appeals.

*L. A. Bolter* and *J. D. Hornby*, for appellant.

*S. H. Cochran* and *G. T. Kelley*, for appellees.

ADAMS, J.—I. The conveyance to Daniel was without consideration. The deceased had several children besides him, and they and the plaintiff appear to have been left substantially unprovided for. No satisfactory reason for the conveyance is proved or suggested. We should not be indisposed to set aside the conveyance as to a portion of the land, if we could see our way clear to do so within the rules of law by which we are bound.

In the outset, we have to say that we do not see that

Daniel said or did anything to induce the conveyance. If

**1. CONVEY-ANCE: fraud to impeach: evidence.** any fraud was practiced upon the plaintiff, it must have been by her husband, her co-grantor. Whether his fraud alone would be sufficient to entitle the plaintiff to relief, we have not determined, because the fact of his fraud does not appear to be established by such preponderance of evidence as is necessary to justify a court in finding fraud.

The plaintiff testified, under the defendant's objection, that her husband told her at the time the deed was executed that

**2. EVIDENCE: of personal transaction with a decedent as against his assignee.** it embraced but one forty. If he so told her, it was a personal communication, and she, a party to the suit, testified to it as against his assignee. We have to say that we think that the testimony was not admissible. Code, § 3639. And whatever competent evidence there was we think was outweighed by the evidence for the defendant. The deed itself is in evidence. It expressly describes the land as being one hundred and sixty acres. It could have described it without expressly specifying the number of acres. It seems incredible that the plaintiff's husband should have presented such a deed to her for her signature, with the patent lie upon his lips that it contained only forty acres. It may be that she could not read, but she does not so testify. We suspect that she could read. Her counsel asked the ingenious question: "Can you read that deed, *so as to tell where the land is?*" and she answered that she could not. The true point of inquiry as to whether she could read the words "one hundred and sixty acres," was evaded. Again, she had had trouble with her husband. She proved that fact for the purpose of showing that he was in a state of mind to defraud her. But if he was in such state of mind, she knew it. The confidential relations usually existing between husband and wife had been broken. This renders it still more incredible that he should have attempted such a shallow fraud. On the other hand, there is strong evidence tending to show that she spoke freely of the convey-

ance after it was made, and without claiming that she had been defrauded. Four witnesses testify to this. One Peterson testified that he conversed with her about the farm; that she spoke of having conveyed it to Daniel, and asked the witness if he supposed that Daniel would convey a forty of it to his own mother, saying that she would not have signed the deed if she had supposed that he would. In view of the presumption existing in favor of as solemn an instrument as a deed, executed and acknowledged in due form, and of the presumption against fraud, we have to say that we do not think that the plaintiff's case is made out upon the ground of fraud.

II. We come to inquire as to whether the deed was delivered. It does not appear to have actually come into Daniel's possession until after his father's death. It was, however, filed by his father for record, and was recorded, and taken by Daniel from the recorder's office. At the time of the conveyance, Daniel was a minor. In *Cecil v. Beaver*, 28 Iowa, 246, Dillon, Ch. J., said: "Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby. In such a case, actual manual delivery and a formal acceptance are not necessary." Under the rule thus laid down, it appears to us that we must hold that the deed in question was delivered.

3. CONVEYANCE: delivery of deed: what constitutes.

AFFIRMED.