CYRUS I. COMPTON v. JEFFERSON WHITE AND FRANK CHURCH.

| 86 | 33 |
| 119 | 566 |

*Deed—Delivery to infant.*

The recording by a father of a warranty deed which he has executed to his minor children, with a reservation of a life-estate in the land for himself and their mother, is as effectual a delivery as could be made, and there could be no stronger evidence of his intention to convey the fee to the grantees.

Error to Jackson. (Peck, J.) Argued April 22, 1891. Decided May 8, 1891.

Ejectment. Defendants bring error. Affirmed. The facts are stated in the opinion.

86 MICH.—3.

*Barkworth & Cobb,* for appellants.

*Huggett & Smith,* for plaintiff.

LONG, J. This is an action of ejectment to recover possession of the N. E. ¼ of the S. E. ¼ of section 19, township of Columbia, Jackson county. The plaintiff had verdict and judgment in the court below under the charge of the court. Defendants bring error.

It appears that the plaintiff's father, being seised of the lands in controversy, on September 24, 1836, made a deed of warranty to the plaintiff and a brother, Philander L. Compton, both then infants under the age of 21, reserving in the deed of conveyance a life-estate to himself and wife, as follows:

"Reserving, nevertheless, the sole use and possession and all the rights of and to said land during the natural lives of either of the said Philip R. and Sally Ann Compton, after which time, or the death of said Philip R. and Sally Ann, the said land or title thereto shall rest solely in said Philander L. and Cyrus I. Compton, with all the appurtenances, and all my right, title, interest, claim, and demand of, in, and to the premises."

The grantor, Philip R. Compton, father of the plaintiff, came to Michigan in 1836, leaving his family in the state of New York, where they were at the time this deed was given; it being executed in Jackson county, in this State. The grantor, upon the execution of the deed, placed the same for record in the office of the register of deeds of Jackson county, September 24, 1836. This was the only delivery of the deed. Shortly after the execution of the deed the grantor moved to the state of Illinois, and subsequently, to wit, July 25, 1844, conveyed the land in question by deed of warranty to one Marcus Bowen, from whom it comes by successive conveyances to the present defendant White (the other defendant being

White's tenant). Plaintiff's father, Philip R. Compton, died February 6, 1886, the mother of plaintiff having deceased December 6, 1877. On December 9, 1889, Philander L. Compton, by deed of quitclaim, conveyed his interest in the premises to the plaintiff. There is no question of adverse possession.

The plaintiff, in making his title, did not produce the original deed, but did produce a certified copy of the record of the deed, and gave evidence that his parents told him that the deed of the premises had been executed to him and his brother, Philander L. Compton, and left in the register's office of Jackson county. There is no evidence contained in the record as to whom the deed was delivered after registry.

The only question raised upon this record by the defendants is that there was no delivery to the plaintiff and his brother, Philander L., of the deed made by his father September 24, 1836; the claim being that the evidence failed to show an effective delivery or grant *in præsenti*, and that the court erred in not submitting the facts to the jury for their consideration. It is contended by the defendants that the reservation in the deed is not consistent with the intention to grant an estate *in præsenti*, when taken in connection with the circumstances of the record of the deed being directed by the grantor himself, the absence of the deed from the possession of the grantees, the subsequent deed of warranty to Marcus Bowen, and the entire absence of anything like an acceptance by the grantees; that the wording of the reservation and the circumstances are strong presumptions against an intention to deliver the deed for the purpose of creating a present estate, but are consonant with a revocable gift or contingent delivery, and that therefore the making and delivery of the deed to Marcus Bowen was an absolute revocation of the deed to these infants,

or at least a question of fact for the determination of the jury.

We cannot accept this doctrine. No more effectual delivery to an infant could be made, and no stronger evidence than the recording could be had that the father intended to convey an estate in fee to these infant children. And the reservation in the deed was simply a life-estate to the grantor and his wife, but by the same deed did the title in fee, subject to a life-estate, pass at once to the infant children. The doctrine is clearly laid down by Chief Justice Dillon in *Cecil v. Beaver*, 28 Iowa, 246, as follows:

"Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby. In such case, actual manual delivery and a formal acceptance are not necessary."

The defendant purchased with full notice of the title and ownership of the plaintiff, and the court was not in error in directing the verdict.

Judgment is affirmed, with costs.

The other Justices concurred.