MARGARET A. ISSITT, FORMERLY MARGARET A. DEWEY, APPELLANT, V. WILLIAM L. DEWEY ET AL., APPELLEES.

FILED FEBRUARY 18, 1896.   No. 5664.

1. **Deeds:** DELIVERY. Where a mother executes a deed to her son, and voluntarily places the same upon record for the purpose, and with the intent, of passing title to the grantee, actual manual delivery and formal acceptance are not essential to the validity of the conveyance.

2. **Action to Cancel Deed from Mother to Son:** CONSIDERA-TION: DECREE FOR DEFENDANT. Evidence *held* to support the findings and decree.

APPEAL from the district court of Gage county. Heard below before BUSH, J.

*Hugh J. Dobbs,* for appellant.

*Griggs, Rinaker & Bibb,* contra.

NORVAL, J.

This lawsuit is over a house and lot situate in the city of Beatrice, which plaintiff conveyed to her son, W. L. Dewey, one of the defendants, and which conveyance plaintiff seeks by this proceeding to have canceled and the title to the property quieted and confirmed in herself. The trial court,

by its decree, awarded the premises in dispute to the son, subject to a life estate which was given the plaintiff.

The undisputed evidence shows that on the 26th day of September, 1887, the plaintiff, by deed of general warranty, conveyed the property in litigation to defendant W. L. Dewey; that one of the purposes of the plaintiff in placing the title in the name of her son was to prevent her husband, who was living apart from her, from having any interest in the property in the event he should survive her. It is insisted that no consideration is shown for the deed. Mr. Dewey swears that he paid plaintiff $10 in cash, and agreed to pay future taxes and insurance on the property, which he has so far done; and further, that he has contributed money to plaintiff's maintenance and support. While plaintiff explicitly denies the cash payment of $10 and the agreement to pay future taxes and insurance, yet it cannot be said that there is an entire lack of proof to establish a good and valuable consideration for the conveyance. Whether it was adequate or commensurate to the value of the property is immaterial, as there is no charge or proof of fraud or undue influence in the case.

It is further argued that the deed was never formally delivered by the plaintiff to the grantee. Upon this branch of the case there is a conflict in the proof adduced on the trial. It is, however, established, without dispute, that plaintiff voluntarily filed the deed for record, for the purpose, and with the intent, of passing title to the grantee. Actual manual delivery and formal acceptance were therefore not necessary to make the conveyance effectual. (*Glaze v. Three Rivers Farmers Mutual Fire Ins. Co.*, 87 Mich., 349; *Cecil v.*

*Beaver*, 28 Ia., 246; *Palmer v. Palmer*, 62 Ia., 204; *Compton v. White*, 86 Mich., 33; *Bowman v. Griffith*, 35 Neb., 361.)

From a careful consideration of the evidence in the case, we are led to the conclusion that it is sufficient to sustain the decree, and that the *allegata et probata* agree.

AFFIRMED.