CHARLES S. FRYER, APPELLEE, V. WILLIAM I. FRYER, APPELLEE; COLUMBIA NATIONAL BANK ET AL., APPELLANTS.

FILED OCTOBER 4, 1906. No. 14,684.

1. **Deeds:** VALIDITY. Where a grantor places his deed on record for the purpose and with the intent of passing title to his grantee pursuant to a valid agreement between them, actual manual delivery and formal acceptance are not essential to the validity of the conveyance. Following *Issitt v. Dewey*, 47 Neb. 196.

2. **Evidence** examined, and *held* to bring the case within the foregoing rule and to sustain the findings of the trial court.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Wilson & Brown, A. J. Sawyer* and *N. Z. Snell,* for appellants.

*George A. Adams, contra.*

ALBERT, C.

. This is an appeal from a decree of foreclosure whereby the lien of plaintiff's mortgage is given priority over the respective judgment liens of the two banks, defendants herein. The mortgage is in the form of an absolute conveyance to the plaintiff by the defendant, William I.

Fryer, and his wife of certain real estate in the city of Lincoln, was signed and acknowledged by the grantors on the 22d day of April, 1901, and was filed for record on the 28th day of April, 1902, by William I. Fryer, who had retained it in his possession after it was signed and acknowledged, and after it was recorded, was forwarded to him at Denver, Colorado, where he had taken up his abode. Plaintiff resides in the state of Iowa. On the 18th day of December, 1902, each of the defendant banks brought an action against William I. Fryer, who was the fee owner, and caused a writ of attachment to issue which was levied on the premises covered by the mortgage. In each of these cases judgment was given in favor of the plaintiff therein and an order entered for the sale of the premises for the satisfaction of the judgment. In the present suit the contest is between the plaintiff and the two banks as to the priority of their respective liens, and is now narrowed down to the single question whether there had been a delivery of the mortgage to the plaintiff before the levy of attachments on the property. The two banks join in an appeal, and contend that, while the evidence shows the mortgage was signed, acknowledged and recorded some time before their attachments were levied, it is insufficient to sustain a finding that it was delivered to the plaintiff before that date.

Appellants' contention seems to be based on the fact that the plaintiff never saw the mortgage nor had actual manual possession of it until after this suit had been pending for some time, and long after the levy of the attachments. But the authorities are uniform that actual manual delivery is not essential to give effect to a deed. In *Issitt v. Dewey*, 47 Neb. 196, it was held that, where the grantor places his deed on record for the purpose and with the intent of passing title to the grantee, actual manual delivery and formal acceptance are not essential to the validity of the conveyance. In the case at bar the evidence is conclusive that at the date of the mortgage deed the mortgagor, William I. Fryer, was indebted to the

plaintiff on two notes, aggregating $5,000, for borrowed money, and that at the time such indebtedness was contracted it was agreed between the parties that William I. Fryer should convey the property in suit to the plaintiff as security for the debt, and file the conveyance for record. William I. Fryer testified on behalf of the plaintiff, and, while portions of his testimony would indicate that he had no clear recollection of what he did with the . instrument after it was forwarded to him at Denver, toward the close of his testimony he testified positively that it had been forwarded to the plaintiff before the date of a certain payment made by him, which was made September 21, 1902, and almost three months before the attachments were levied. It was after learning of this testimony that plaintiff made search and found the instrument among his papers. His statement, received in evidence as a part of his testimony, accounting for his failure to discover it earlier, is to the effect that it must have been received by another member of his household and placed among his papers during his absence from home. The record further shows that at least two months before the attachments were levied William I. Fryer had importuned the plaintiff to reconvey a portion of the mortgaged premises to the latter's wife, and that plaintiff had refused to do so. The evidence, we think, is amply sufficient to show that the instrument was placed on record by William I. Fryer with the intent and for the purpose of passing the title to the plaintiff, and to render evidence of an actual manual delivery and formal acceptance unnecessary, under the rule announced in *Issitt v. Dewey, supra.*

The appellants further contend that, even if it be found that the mortgage deed had become effective previous to to the levy of their attachments, still they should have priority with respect to one of the lots included therein because of an alleged agreement between the plaintiff and William I. Fryer, whereby the former agreed, in consideration of the payment of a substantial portion of

the mortgage debt, to reconvey such lot and release · it from the lien of the mortgage. There is no evidence tending, even remotely, to show such an agreement, save a bare claim to that effect put forward in a letter written by William I. Fryer to the plaintiff. And, even were such claim given the force of evidence tending to establish the agreement, there is an utter want of evidence to show that William I. Fryer had complied with the conditions upon which the reconveyance was made contingent, according to his own letter in which his claim thereto was put forth for the first and only time.

The decree of the district court seems amply sustained by the evidence, and we recommend its affirmance.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.