LAWTON *v.* CAMPAU.

1. APPEAL AND ERROR—QUESTION NOT MATERIAL WILL NOT BE CONSIDERED—CANCELLATION OF INSTRUMENTS.

On appeal from a decree for the cancellation of a deed, the denial of defendants' request that a jury be called to pass upon the question of the sanity of the plaintiff will not be considered where the relief granted was in no way dependent upon her mental incompetency.

2. DEEDS — DELIVERY — PRESUMPTION OF DELIVERY — RECORDING DEED.

A presumption of delivery arises when a deed is shown to have been executed, acknowledged and recorded by the grantor, but such presumption may be rebutted by proof.

3. SAME—INTENT OF GRANTOR—DELIVERY—TESTAMENTARY DEED—RECORDING DEED.

Where plaintiff, with the intent of having her property go to her brother at her death, executed a deed of it to him, although he had not been heard from for 20 years, and was presumed to be dead, recorded it, had it returned to her, and thereafter kept it in her possession, there was no delivery.

Appeal from Macomb; Law (Eugene F.), J., presiding. Submitted April 7, 1921. (Docket No. 44.) Decided June 6, 1921.

Bill by Anna B. Lawton against Viola L. Campau and others for the cancellation of a deed. From a decree for plaintiff, defendants appeal. Affirmed.

*Stone, Nunneley & Hummrich,* for plaintiff.

*Crocker & Miller,* for defendants.

SHARPE, J. On August 22, 1907, plaintiff procured a deed of conveyance to be drawn, executed it

and caused it to be recorded, of a house and lot in the city of Mt. Clemens to her brother, Edward W. Lawton.   It was returned to her, after being recorded, and has since remained in her possession. She testified relative to the transaction:

"I had heard stories around that my brother's family were trying to hurry me up and get me out of the way that they could get possession of it, of what I had, and went to the attorneys in Detroit to find out if they were going to be the only heirs or the first ones to receive what little I had; I made up my mind if I died; I wasn't very well for a long time and had been very miserable and I made up my mind if I did die that they would not get any of my property; that I would leave it to my brother and I made a deed to that effect, and I didn't know but what I could go any day and recall that deed any time I wanted to."

While the deed stated the residence of Edward to be in Honolulu, she testified that he was then in Parel, Mexico; that she had not then heard from him for a good many years; that in 1911 she heard that he was dead and has not heard from him since that time.   The heirs at law of Edward are the plaintiff, a sister, Catherine Ryan, and the defendants, who are the children of a deceased brother, Stephen.

The plaintiff in her bill of complaint asks that the deed made by her "be canceled, set aside and held for naught, and the record thereof in the said register of deeds' office be canceled." Catherine has quitclaimed to plaintiff.   The defendants, answering, deny that plaintiff is entitled to the relief prayed for, allege on information and belief the death of Edward, claim to be tenants in common with plaintiff, and by way of cross-bill ask for a partition or sale of the property and an accounting of the rents and profits thereof.

The trial judge in his findings says:

"I find from the evidence that this deed was never

delivered to Edward W. Lawton, and that he never knew of it. * * *

"The evidence shows that Edward W. Lawton has not been heard from for 20 years. This raises a presumption that he is dead.

"Plaintiff is entitled to the relief for which she prays."

A decree was made accordingly, from which the defendants appeal.

1. At the opening of the case defendants' counsel asked that a jury be called "to pass upon the question of the sanity of the plaintiff." Their counsel insist that they were so entitled as a matter of right. As the relief granted plaintiff was in no way dependent upon her mental incompetency, we do not feel at liberty to consider this question.

2. Was there such a delivery of the deed as passed title thereunder to Edward? A presumption of delivery arises when a deed is shown to have been executed, acknowledged and recorded by the grantor. *Stevens* v. *Castel,* 63 Mich. 111; *Compton* v. *White,* 86 Mich. 33; *Glaze* v. *Insurance Co.,* 87 Mich. 349; *Fenton* v. *Miller,* 94 Mich. 204; *Hogadone* v. *Insurance Co.,* 133 Mich. 339; *Griffin* v. *Hovey,* 179 Mich. 104; *Sprunger* v. *Ensley,* 211 Mich. 103; 18 C. J. p. 207. Such presumption may, of course, be rebutted by proof. The object of delivery is to indicate an intent on the part of the grantor to give effect to the instrument. It seems clear to us, as it did to the trial judge, that the plaintiff did not intend to convey a present interest in the property to her brother, but only desired to provide for the title passing to him at her death. Such intent is, we think, evident from what she did and the circumstances surrounding the transaction.

The decree is affirmed, with costs to plaintiff.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.