CAMPBELL *v.* HANSULD.

1. LANDLORD AND TENANT—FRAUD—DISPUTING LANDLORD'S TITLE. The rule which forbids a tenant from denying the title of his landlord does not apply where the tenant has been induced to accept a lease by fraud, duress, accident, or mistake.

2. SAME.
In an action for fraud in the assignment of a sub-lease to plaintiff without informing her that the original lease was subject to a condition that if the owner should build an addition to the leased premises the lessee had the option to vacate or retain possession for the balance of the term at a rental to be agreed upon, the rule that a tenant may not dispute the landlord's title, was not applicable.

Error to Wayne; Merriam (De Witt H.), J. Submitted April 15, 1924. (Docket No. 66.) Decided June 2, 1924. Rehearing denied July 24, 1924.

Case by Margaret R. Campbell against Edwin H. Hansuld for fraud in the sale of a lease. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frank D. Andrus,* for appellant.

*Baubie & Baubie,* for appellee.

CLARK, C. J. Sweetwine, the owner, leased a rooming house to Cole for a term of five years, beginning January 1, 1920, subject, however, to the following:

"It is understood and agreed, and hereby made a part of this instrument that if any time during the term of this lease the party of the first part hereto should build an addition to the premises herein

described, the party of the second part shall have the first option.

"1. To vacate the premises and this lease can be cancelled on that date.

"2. Retain possession of the premises as enlarged at a rental for the balance of the five-year term to be agreed on."

Cole leased the premises to Croton for the same term by a separate writing, which made no reference to the provision above quoted, and Croton assigned such lease to defendant Hansuld. Hansuld then assigned such lease and sold some furniture, of comparatively little value, in the building, to plaintiff for a consideration of $3,300, of which $3,000 has been paid. Plaintiff took possession of the property, and soon thereafter learned of the provision above quoted. Claiming fraud, she sued for damages. There was testimony that defendant represented that Cole, lessor in the lease assigned, was the owner of the property, that plaintiff knew nothing of Sweetwine and his lease to Cole, and was not told of the provision in such lease, that defendant represented that he was selling to her a "five years straight lease," that had the lease been free from such provision it and the furniture would have been worth $3,500, but because of the provision the lease as such was of no value. Sweetwine did not build an addition, but it came to the knowledge of plaintiff that he was preparing to do so. The trial judge submitted the questions of fraud and damage to the jury in a charge on which no error is assigned. Plaintiff had verdict and judgment for $1,250. Defendant brings error, and argues, principally, that plaintiff is here attempting, against a well-settled rule of law, to dispute her landlord's title, citing 2 Underhill on Landlord and Tenant, § 550, and *Murphy* v. *Sayles*, 201 Mich. 78. There is no question of the rule, but it does not apply here. It is said in 2 Underhill on Landlord and Tenant, § 555:

"The rule which forbids a tenant from denying the title of his landlord does not apply where the tenant has been induced to accept a lease by fraud, duress, accident or mistake."

The evidence presented an issue of fact for the jury respecting fraud of defendant. The amount of the verdict is well within the limits of testimony relating to damages. The assignments present no error requiring reversal.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.