## CAMP *v*. GUARANTY TRUST CO.

1. DEEDS—DELIVERY—EVIDENCE—SUFFICIENCY.

    In suit by widow to set aside deed from husband to his mother, contradictory testimony as to husband's papers being left in hands of another, *held*, insufficient to establish delivery of said deed.

2. SAME—RECORDING AS PRESUMPTION OF DELIVERY.

    Recording of deed on advice of attorney, after death of grantor and grantee, rebuts any presumption of delivery which might arise from its recording.

3. SAME—DELIVERY—PARTING WITH DEED.

    To constitute delivery, grantor must have parted with deed to grantee and with right to retain it.

4. SAME—RECORDING BY GRANTOR.

    Even if grantor executed deed and placed it on record, that alone would not have constituted delivery.

5. SAME—DELIVERY—PRESENT INTEREST.

    To constitute valid delivery of deed, there must have been conveyance of present interest in land.

6. SAME—BURDEN OF PROOF.

    In suit to set aside deed placed on record after death of grantor and grantee, burden was not on plaintiff to prove nondelivery, but on defendants relying on deed to show its delivery.

Appeal from Wayne; Ferguson (S. Homer), J. Submitted January 11, 1933. (Docket No. 108, Calendar No. 36,627.) Decided March 2, 1933.

Bill by Bessie Camp against Guaranty Trust Company, a Michigan corporation, and others to set aside a deed. Decree for defendants. Plaintiff appeals. Reversed.

*Louis Starfield Cohane, Regene Freund Cohane,* and *Percival R. Piper,* for plaintiff.

*J. Charles Wood* (*Harry Holden MacCord,* of counsel), for defendant.

POTTER, J. This is a suit by Bessie Camp, widow of George Camp, deceased, to set aside a deed alleged to have been given by George Camp in his lifetime to his mother, Nettie Camp, for injunction against the Guaranty Trust Company, administrator of the estate of Nettie Camp, and against the heirs of Nettie Camp, deceased.

May 13, 1924, George Camp acquired the real estate in question by deed. May 12, 1927, it is claimed he executed the deed in question to Nettie Camp; June 16, 1928, George Camp married Bessie Camp, plaintiff herein. August 3, 1930, Nettie Camp died. August 6, 1930, George Camp died. August 12, 1930, the deed in question was delivered to the register of deeds of Wayne county for recording. The important question in this case is whether the deed in question was delivered to the grantee. Neither the plaintiff, widow of George Camp, deceased, nor the children of Nettie Camp, nor the wives of the male members of her children, would have been competent witnesses to any material fact bearing on the delivery of the deed, had appropriate objections been made thereto on the ground such testimony was equally within the knowledge of the deceased. No objection was made to the introduction of the testimony, and the opposite parties in this case, without objection, were examined and cross-examined. George Camp continued to occupy the premises after the execution of the deed. It is claimed he kept his papers in his desk. Clarence Camp says his mother had the deed and gave it to Obediah Camp to keep

for her. There is no proof that Nettie Camp directed the deed to be recorded. It was not recorded at her request or at her direction. It was recorded after the death of George Camp and the death of Nettie Camp, on the advice of an attorney. Nettie Camp and the balance of the Camp family did not like plaintiff, Bessie Camp. Sarah Badgett and Bessie Camp say that George Camp's papers were in a desk in the house where he lived. After his death the defendants had access to these papers. Sarah Badgett says that after George's death, Obediah Camp came to her and tried to get her to sign a statement that all of George's papers were left in his hands, but she refused. Treating this testimony as competent, it does not establish the delivery of the deed. It indicates the heirs of Nettie Camp were trying to bolster up a showing that the deed in question came lawfully into the possession of Obediah Camp, and negatives delivery rather than sustains it. It is not claimed there was any consideration paid by Nettie Camp for the deed. Its recording at the advice of an attorney after the death of both parties thereto, rebuts any presumption of delivery which might arise from its recording. To constitute delivery, George Camp must have parted with the deed to Nettie Camp and with the right to retain it. *Younge* v. *Guilbeau*, 3 Wall. (70 U. S.) 636; and even if he had executed it and placed it on record, that alone would not have constituted delivery.

"The execution and registration of a deed, and delivery of it to the register for that purpose, does not vest the title in the grantee." *Parmelee* v. *Simpson*, 5 Wall. (72 U. S.) 81.

To constitute a valid delivery, there must have been a conveyance of a present interest in the land. *Pollock* v. *McCarty*, 198 Mich. 66.

In *Barras* v. *Barras,* 192 Mich. 584, it is said:

"The burden of proving delivery by a preponderance of evidence, like proving any other act necessary to the effectiveness of a deed, is ordinarily upon the party relying upon the deed, and was upon the defendant in this case throughout the trial. *Manistee Natl. Bank* v. *Seymour,* 64 Mich. 59; *Brown* v. *King,* 5 Metc. (46 Mass.) 173, 181; *Boyd* v. *Slayback,* 63 Cal. 493, 494."

Instead of the burden being upon plaintiff to prove nondelivery of the deed, it was upon defendants to show its delivery. They have not done so. Decree reversed, with costs. Decree for plaintiff.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.