FLOOD *v.* FLOOD.

1. DEEDS—DELIVERY—RECORDING—INTENT—EVIDENCE.
   Recording of warranty deed by grantor to third parties constituted a sufficient delivery to them to effectuate step in transfer of title to grantor's son pursuant to grantor's expressed intent.

2. SAME—ACCEPTANCE BY EXECUTION OF ANOTHER DEED BY GRANTEES.
   The giving of a quitclaim deed to son of one who had executed a warranty deed running to grantors constituted a sufficient acceptance of the warranty deed so as to vest title in son beyond assail by heirs at law of deceased grantor in warranty deed.

3. SAME—DELIVERY—RECORDING BY GRANTOR.
   The recording of a deed by the grantor with intent that it then be effective constitutes sufficient delivery.

4. SAME—RECORDING—PRESUMPTION.
   Where father deeded property to strangers by deed recorded at 10:42 a.m. on day another deed from them to his son was executed, which was recorded the following day, it is fair to assume that first deed was on record at time second deed was executed where transaction was intended by father to vest title in his son.

5. SAME—GIFTS TO SON—CONSIDERATION.
   A deed from father to son, intended as a voluntary gift, requires no pecuniary consideration.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES.
   Whether or not special administratrix of grantor's estate is a proper party to suit to set aside transaction whereby father vested title to real estate in his son is not considered where not presented by counsel and bill is dismissed on other grounds.

   BUSHNELL, C. J., dissenting.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 11, 1940. (Docket No. 73, Calendar No. 41,184.) Decided November 13, 1940. Rehearing denied February 7, 1941.

Bill by Rose Eleanor Flood, special administratrix of the estate of Henry Flood, deceased, against Marion Francis Flood to set aside deeds and for an accounting. Decree for plaintiff. Defendant appeals. Reversed.

*Dale C. Showley (John H. Brennan* and *William F. Fratcher,* of counsel), for plaintiff.

*Isabel D. Hannah* and *Herbert W. Smith,* for defendant.

BUSHNELL, C. J. *(dissenting).* Plaintiff, as special administratrix of the estate of Henry Flood, her deceased father, filed a bill in equity to have two deeds set aside. The property involved, located in the city of Flint, was acquired by the deceased in 1921. In 1926, he negotiated with George L. Scott for the exchange of property and, on July 27th of that year, Flood and his wife executed a warranty deed to Scott and his wife. The exchange was never consummated and the deed was retained by Flood. Flood and his wife were separated but not divorced and, although she survived him, she testified that

she had no interest whatever in the property in question.

On September 5, 1928, the Flood-Scott deed was recorded and, the next day, a quitclaim deed from Scott and wife to defendant Marion Francis Flood. Marion Flood is the son of Henry Flood and lived with his father on the premises. There seems to be no question that the father wanted the son to have the property. Henry Flood died on April 14, 1939. Defendant is in possession and claims title under the deed from the Scotts.

Scott and his wife testified that the warranty deed from the Floods had never been delivered to them, nor did they remember executing the quitclaim deed to Marion Flood, although they admitted that the signatures appeared to be their own.

The trial court held that the Scotts did not receive title to the property because there had been no delivery of the Flood deed to them. The court also held that the quitclaim deed was void because the Scotts had no title to convey to the defendant. A decree was entered setting aside the conveyances.

Defendant contends the court erred in holding that there had been failure of delivery of the Flood-Scott deed. The fact that the deeds were recorded creates a presumption of delivery, but that presumption is rebuttable. *Barras* v. *Barras,* 192 Mich. 584.

The testimony is sufficient to sustain the finding of the trial judge that the presumption of delivery was clearly rebutted.

The decree should be affirmed, with costs to appellee.

WIEST, J. The bill should be dismissed with costs to defendant.

The father wanted his son to have the home place and personally acted to accomplish that end. The

deed to the Scotts was recorded by the grantor on September 5, 1928, for the purpose of carrying out such intention, was valid for such purpose and constituted a sufficient delivery. The deed by the Scotts was an act of acceptance thereof for the purpose intended and their deed to defendant vested title beyond assail by heirs at law of the deceased grantor. The recording of the deed to the Scotts by the grantor, with intent that it then be effective, constituted sufficient delivery in this State. *Blanchard* v. *Kingston,* 222 Mich. 631, 635; *Jackson* v. *Cleveland,* 15 Mich. 94 (90 Am. Dec. 266); *Compton* v. *White,* 86 Mich. 33; *Fenton* v. *Miller,* 94 Mich. 204; *Holmes* v. *McDonald,* 119 Mich. 563 (75 Am. St. Rep. 430); *Griffin* v. *Hovey,* 179 Mich. 104; *Sprunger* v. *Ensley,* 211 Mich. 103; *Lawton* v. *Campau,* 214 Mich. 535.

The record is replete with evidence of what the father intended, and the circuit judge found the father intended to vest title in the son but was of the opinion there was no valid delivery of the deed to the Scotts and no consideration.

Such finding of intentional recording of the deed by the grantor to the Scotts does not present a rebuttable presumption of intention open in a case of mere recording of a deed.

The deed to the Scotts was recorded by the grantor September 5, 1928, at 10:42 o'clock in the forenoon. The deed from the Scotts to defendant was executed September 5, 1928, and recorded the next day at 9:28 o'clock in the forenoon. So, it is fair to assume that the deed to the Scotts was on record at the time the Scotts executed the deed to defendant.

The deeds, intended by the father to vest title to the property in his son as a voluntary gift, required no pecuniary consideration.

The question whether the special administrator can prosecute this kind of a suit is not presented by counsel and, under dismissal of the bill, need not be considered.

SHARPE, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred with WIEST, J. The late Justice POTTER took no part in this decision.