REED v. MACK.

1. DEEDS—RECORDING—DELIVERY.
    The recording of a warranty deed may, under some circumstances, be effectual to show delivery.

2. SAME—DELIVERY TO ONE OF SEVERAL JOINT GRANTEES.
    A delivery of a warranty deed to one of several joint grantees, in the absence of proof to the contrary, is delivery to all.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds §§ 384, 447.
[2] 16 Am Jur, Deeds § 150.
[3] 16 Am Jur, Deeds §§ 115, 384.
[4] 16 Am Jur, Deeds § 110.
[5] 33 Am Jur, Life Estates, Remainders, and Reversions § 467.

3. SAME—RECORDING—PRESUMPTIONS—DELIVERY—INTENT.

The recording of a deed raises a presumption of delivery, although it does not itself necessarily establish delivery, the whole object of delivery being to indicate an intent by the grantor to give effect to the instrument.

4. SAME—RECORDING—DELIVERY—TENANCY BY ENTIRETIES—LIFE ESTATES.

Warranty deed whereby tenants by the entirety deeded fee to their granddaughter subject to concurrent life estates in surviving wife and their daughter and recording thereof by the wife after husband had died effected a delivery.

5. ESTOPPEL—PAYMENT OF RENT—LIFE ESTATES—POSSESSION—ACCOUNTING.

The payment of rent for use of an upstairs apartment, made without knowledge that the plaintiff had a life estate in the property and under a mistake of fact, did not estop plaintiff from raising a question as to defendant's right to dispossess plaintiff and seek an accounting.

Appeal from Branch; Arch (Charles O.), J., presiding. Submitted October 6, 1955. (Docket No. 42, Calendar No. 46,498.) Decided December 28, 1955.

Bill by Myrna E. Reed against Ethel M. Mack to establish her half share in life estate, for accounting and other relief. Cross bill by defendant to cancel deed. Decree for plaintiff. Defendant appeals. Affirmed.

*Dimmers & MacRitchie* and *Clay T. Brockman,* for plaintiff.

*Andrew Cooke,* for defendant.

BOYLES, J. The controlling question in this case is whether there was a delivery of a certain deed.

Plaintiff Myrna E. Reed filed the instant bill of complaint in the circuit court for Branch county in chancery asking for a decree that she is entitled to 1/2 of the use, income, rents and possession of a

certain farm property in Coldwater township in said county during her lifetime; that she be decreed to have a life estate in said property concurrently with Ethel M. Mack, the defendant; asking for an injunction to prevent her mother, Ethel M. Baker (now Mack), the defendant, from pursuing any eviction proceedings; and asking for an accounting of the rents and use of the farm which her mother has had since February 17, 1945, including the rent which had been paid to her mother, the defendant, for the second-story apartment in the house. The court, on filing of the bill of complaint, issued a temporary injunction restraining further the continuing of the proceedings started by the defendant to oust the plaintiff from possession of the second-story apartment pending final hearing.

The defendant Ethel M. (Baker) Mack filed an answer admitting the execution and recording of the deed in question, but denying its delivery. She denied that the plaintiff had any interest whatever in said property. She also filed a cross bill setting up that she, Ethel M. (Baker) Mack, together with her husband, Arthur Baker, had been owners of said farm as tenants by the entirety, that up to his death in April, 1945, there had been no delivery of any deed from him, or from her, to the plaintiff Myrna E. Reed, or to anyone else; that when her said husband, Arthur Baker, died in April, 1945, she, his surviving widow, became sole owner of said farm under their title as tenants by entirety. She further alleged that when she put the deed in question, executed February 17, 1945, on record on May 25, 1945, it was with the belief that she was to have the farm for her disposal during her lifetime. She set up that her granddaughter Ethel H. Reed had deeded her interest in said farm to her father Walter E. Reed, the husband of plaintiff Myrna E. Reed, and asked that he be joined as a cross defendant, and that

said deed be canceled and set aside.* She also asked that the cross defendant Myrna E. Reed be enjoined from claiming any interest in the premises or to the occupancy of the upstairs apartment.

The facts and circumstances, as adduced from the pleadings and from the testimony before the court at the hearing on said matter, are substantially as follows:

On February 17, 1945, Arthur Baker and Ethel M. Baker, husband and wife and owners of the real estate hereinafter referred to as tenants by the entirety, executed a warranty deed, as parties of the first part, to Ethel H. Reed, Ethel M. Baker and Myrna E. Reed, as second parties, for said real estate. Following the description, said instrument contained the following statement:

"The interest of each of the parties hereto, is as follows:

"Ethel H. Reed holds the fee in said land and Ethel M. Baker, and Myrna E. Reed each have a life estate and to the survivor of them, said life estates to run concurrently and then to the survivor of them, said Ethel H. Reed takes subject to said life estates."

Ethel M. Baker, grantor, is the same Baker above named as one of the second parties. Arthur Baker, grantor, died shortly after said deed was executed, and subsequently Ethel M. Baker has remarried. She is now Ethel M. Mack, the defendant, cross plaintiff and appellant herein. Myrna E. Reed is the daughter of said grantors Arthur Baker and Ethel M. Baker, and Ethel H. Reed is their granddaughter, the daughter of Myrna E. Reed. Obviously, said instrument, according to the above-quoted statement in it following the description, purports to convey

* Walter Reed was added as a cross defendant but prior to trial he conveyed back to Ethel H. Reed any interest he may have received from her by or under said deed and subsequently the case was dismissed as to him.

a life estate from the grantors-owners Arthur Baker and Ethel M. Baker to Ethel M. Baker (now Ethel M. Mack), one of the grantors, together with a concurrent life estate to Myrna E. Reed, daughter of said grantors, and the fee title to Ethel H. Reed, the grantors' granddaughter, subject to the life estates.

Said instrument, following its execution by the grantors in the office of an attorney, was turned over by Arthur Baker to his wife Ethel M. Baker (now Mack), with instructions to record it at a later date. Arthur Baker died about 2 months later (April 12, 1945), and about a month later (May 25, 1945) Ethel M. Baker (Mack) took the deed to the office of the register of deeds for Branch county and had it recorded. She testified that this was done in accordance with her agreement with her husband, to keep her word with him, and that she was acting on behalf of all of the parties to the instrument, including her granddaughter Ethel H. Reed. Thereafter the deed, after being recorded, was returned to her by the register of deeds and kept by her.

Ethel M. Baker continued to live on the farm in question after her husband's death, and after her marriage to Mack, up to the present time. The house had 2 apartments. Beginning in May, 1951, Ethel M. Baker's daughter Myrna E. Reed, having a life estate in the farm under the deed together with her mother, lived in the upstairs apartment with her husband Walter E. Reed. They paid $40 per month to her mother until July 28, 1953. A family dispute arose when Walter suggested that he would like to rent the farm, and apparently because Walter had obtained from his daughter Ethel H. Reed a deed of her interest in the property; and Myrna and her husband Walter were accused of trying to take the farm. The mother, Ethel M. (Baker) Mack, caused a notice to be served on Myrna, and started proceed-

ings before a circuit court commissioner to oust Myrna and her husband from the apartment. This had occurred after Ethel H. Reed and her husband Edward had sought and obtained from Ethel M. (Baker) Mack and Myrna E. Reed a deed to convey title to them of 3/4 of an acre of the farm on which to build a house, which, however, recited that:

"First parties execute this deed for the purpose of conveying their life estates in said premises."

As soon as Ethel M. Mack started the proceedings before a circuit court commissioner to oust Myrna E. Reed from possession of the second-story apartment in the home on the farm, Myrna E. Reed filed the instant bill of complaint in the circuit court for Branch county in chancery, hereinbefore referred to, seeking to establish her interest of a life estate in said farm concurrent with her mother, Ethel M. (Baker) Mack, claiming that ever since the death of her father, Arthur Baker, her mother, Ethel M. (Baker) Mack, had been living on said farm, had received the entire income therefrom, and should account therefor.

The trial court, after hearing the matter, including a motion to dismiss the bill of complaint, and taking testimony, stated his conclusions. He held that the plaintiff had shown that there was a delivery of the deed in question; that the plaintiff was not estopped from claiming delivery of the deed or an interest in the use of the property by the fact that she had paid rent to the defendant Ethel M. (Baker) Mack for the upstairs apartment under the mistaken belief that her said mother had the sole life use of the property, and without knowing that she (Myrna, the plaintiff) also had a concurrent life use, under the deed. The court said:

"I am satisfied, that by a fair preponderance of the evidence that when this deed was made out it was

the intent of the parties that exactly what the deed said was to be carried out. In other words, as far as this court is concerned the deed is not ambiguous, it is complete within itself, it is self-explanatory, and there is no question about it.   *   *   *

"And in this case I have a very deep conviction that this deed was the intent of the parties, and the court must interpret it as such.   *   *   *

"And therefore the court finds the deed must be considered as a valid deed, and that its clear terms must be upheld, and that it was there and then found to be valid."

The court then proceeded to discuss the proofs as to an accounting and concluded that the plaintiff was entitled to a refund amounting to $1,020 on the rent paid. No question is raised here as to the accounting. A decree was entered in consonance with the court's conclusions, from which the defendant appeals.

We are in agreement with the trial court. The defendant-appellant, a grantor in the deed, caused the recording of the deed, the delivery of which she attacks. The recording of a warranty deed may, under some circumstances, be effectual to show delivery. *Compton* v. *White,* 86 Mich 33. A delivery to one of several joint grantees, in absence of proof to the contrary, is delivery to all. *Mayhew* v. *Wilhelm,* 249 Mich 640. While placing a deed on record does not in itself necessarily establish delivery (*Camp* v. *Guaranty Trust Co.,* 262 Mich 223), the recording of a deed raises a presumption of delivery, and the whole object of delivery is to indicate an intent by the grantor to give effect to the instrument. *Gibson* v. *Dymon,* 281 Mich 137. The record here clearly shows that the defendant-appellant, by her cross bill, brings in the question both as to fee title and the life estates. In fact, the deed was undoubtedly directly against the defendant's own personal in-

terest, inasmuch as under the deed she would have only a life estate, whereas, without it she would become the owner of the entire fee title as the survivor of her husband Arthur in an estate by the entirety. We are satisfied that the record before us affirmatively establishes a delivery of the deed.*

Nor is the plaintiff estopped by the payment of rent to the defendant-appellant for use of the upstairs apartment. Plainly, it was paid without a knowledge that the plaintiff also has a life estate in the farm, and under a mistake of fact. *Campbell* v. *Hansuld,* 227 Mich 362.

Other questions raised by appellant for reversal have been considered. We find that the court did not commit reversible error in admitting testimony, or excluding what should not be considered as admissible or material. Under somewhat confusing facts and circumstances, the court reached the right result.

Affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.

---

* See, also, *Flood* v. *Flood,* 295 Mich 366; *Blodgett* v. *Snobble,* 295 Mich 374.