## WEBER *v.* FITZPATRICK.

1. DEEDS—DELIVERY—RECORD.
    Finding of trial court that deed from plaintiff to defendants' grantor had been delivered *held,* amply supported by record.

2. SAME—RECORDING—PRESUMPTION OF DELIVERY.
    The placing of a deed on record does not in itself necessarily establish delivery but does raise a presumption of delivery.

3. SAME—PURPOSE OF DELIVERY—INTENT.
    The whole object of delivery of a deed is to indicate an intent by the grantor to give effect to the instrument.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds § 447.
[2] 16 Am Jur, Deeds §§ 135, 384.
[3] 16 Am Jur, Deeds §§ 111, 115.
[4] 16 Am Jur, Deeds § 372.
[5] 19 Am Jur, Equity § 10 *et seq.*

4. Same—Delivery—Burden of Proof.
    A party claiming deed had been delivered has the burden of establishing such delivery.

5. Courts—Jurisdiction—Deeds—Delivery.
    A chancery court has jurisdiction to determine whether or not there had been a valid delivery of deed in a suit to quiet title (CL 1948, § 606.4).

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted January 6, 1956. (Docket No. 48, Calendar No. 46,680.) Decided April 2, 1956.

Bill by Leonard C. Weber and Lucille A. Weber against M. Beatrice Fitzpatrick, Ernest Sylvester and Eli Sylvester to quiet title. Bill dismissed. Plaintiffs appeal. Affirmed.

*Isaac M. Smullin,* for plaintiffs.

*Jesse W. Bollinger,* for defendants.

Smith, J. This is a bill to quiet title to certain premises in the city of Detroit and to declare plaintiff Leonard C. Weber the "sole and legal owner of the same." The property belonged to Caroline Weber prior to her death, intestate, in 1940. Her heirs-at-law were her husband (who, with his second wife, are plaintiffs herein) and her mother, Ida Sylvester, now deceased.

The plaintiffs assert that they are entitled to the premises by virtue of a quitclaim deed executed by Ida Sylvester to plaintiff Leonard Weber, dated June 14, 1940, which we will hereafter describe as exhibit 1. They assert that this deed, so dated, was delivered to plaintiffs in August, 1943, at which time Ida Sylvester divested herself of all her interest in the premises, Leonard C. Weber then becoming the sole owner. Consequently, they argue, Ida Sylvester's later deed, dated January 3, 1949, to one

M. Beatrice Fitzpatrick, conveyed nothing and merely constituted a cloud on plaintiffs' title. Ernest and Eli Sylvester (sons of Ida Sylvester) were joined as parties defendant because of their claimed interest in the premises as joint grantees (under deed dated January 4, 1949, exhibit 4) from M. Beatrice Fitzpatrick. Plaintiff Leonard Weber knew nothing of these latter transactions, he asserts, until he attempted to convey the premises to his second wife, at which time her attorney discovered exhibits 3 and 4.

It will have been noted that our numerical listing of deeds as exhibits has omitted exhibit 2. This deed was not mentioned in the bill of complaint, first appearing in the answer. It introduces a new element in the facts above outlined. The defendants assert that when Ida Sylvester and plaintiff Leonard C. Weber became owners of the property after Mrs. Weber's death they reached an agreement concerning its use and disposition. This agreement was that Ida Sylvester would quitclaim her interest in the property to Leonard Weber, and that he, in turn, would immediately deed back to her (by exhibit 2) his entire interest, subject to a life estate in himself. These deeds, they assert, were duly executed and delivered. Consequently, they add, Ida's deed to Fitzpatrick (who was the legal secretary for counsel for defendants), and Fitzpatrick's to the 2 sons, Ernest and Eli, jointly, constituted no cloud whatever on plaintiff Leonard Weber's life tenancy.

Defendant Fitzpatrick appeared but failed to answer, she presumably having no interest in the property, and her default was duly entered. As to exhibit 2, thus brought into the case, plaintiffs' reply admitted "that Leonard C. Weber executed a quitclaim deed to Ida Sylvester, but aver that said quitclaim deed was superseded by a subsequent quitclaim deed executed the same day by Ida Sylvester to Leonard

C. Weber." Such pleading would seem to concede the delivery of both deeds, but the delivery of exhibit 2 was contested at the hearing, as herein appears, and is argued before us and will be here ruled upon.

Such, in essence, was the controversy. Plaintiffs' case consisted solely of the testimony of plaintiff Lucille A. Weber who, although admitting that she was "not familiar with the transaction pertaining to the house," testified that in August, 1943, Ida Sylvester had handed exhibit 1 to plaintiff Leonard C. Weber with the words, "Here is the deed to your property." Defendants, for their part, assert a valid delivery of both deeds by delivery to a common agent for recording, and the subsequent recording thereof.

Hearing followed and resulted in a dismissal of the bill of complaint. Plaintiffs have taken a general appeal from the decree entered and from the order denying the motion to vacate the decree.

Although plaintiffs' appeal raises numerous alleged errors for our consideration, the delivery of the deeds in question lies at the heart of the matters before us. The defendants produced, at the hearing the attorney, Orland Ellis, who had represented both Ida Sylvester and plaintiff Leonard C. Weber after the death of Caroline Weber. He testified, as heretofore noted, of the agreement of the parties respecting the property and the steps taken in implementation thereof. There is no question that the deeds involved, exhibits 1 and 2, were executed on or about the dates they bear. But plaintiffs insist that exhibit 1 was not delivered until approximately August of 1943. However, the testimony of plaintiff Lucille Weber in this regard is at variance with that of attorney Ellis, who testified that he represented both of the parties to the exchange of deeds and interests, that after execution the deeds were delivered to

him for recording, and that he recorded the same, recording exhibit 1 first and exhibit 2 next.

Upon these facts, and with the witnesses before him, the trial court found that there had been valid delivery. We agree. The record amply sustains such finding. *Flood* v. *Flood,* 295 Mich 366.

We recently discussed the matter of delivery of deeds (*Lintner Estate* v. *Meier,* 344 Mich 119; *Reed* v. *Mack,* 344 Mich 391) and we need not, for purposes of this decision, add thereto. In the *Reed Case, supra,* we held that:

"While placing a deed on record does not in itself necessarily establish delivery (*Camp* v. *Guaranty Trust Co.,* 262 Mich 223), the recording of a deed raises a presumption of delivery, and the whole object of delivery is to indicate an intent by the grantor to give effect to the instrument. *Gibson* v. *Dymon,* 281 Mich 137."

The delivery to a common agent for recording; the statutory presumption of delivery arising from the actual recording of the deeds;* the fact that the deed to Ida Sylvester, in which plaintiff Leonard C. Weber, reserved a life estate was found among Ida Sylvester's possessions after her death, and the testimony of the attorney for both parties as to their intentions in the transaction lend adequate support to the conclusion reached. It is urged upon us that *Dillon* v. *Meister,* 319 Mich 428, placed the burden of showing delivery upon defendants. We agree. On the record before us defendants affirmatively established delivery of the deeds. *Reed* v. *Mack, supra.*

We need not review the remaining questions raised by appellants. It is clear that the court had jurisdiction. (CL 1948, § 606.4 [Stat Ann 1955 Cum Supp § 27.545].) The additional assignments of error

---

* CL 1948, § 617.20 (Stat Ann § 27.869).

have been examined and considered and are without controlling merit.

The decree of the circuit court dismissing plaintiffs' bill of complaint is affirmed. Costs to appellees.

Dethmers, C. J., and Sharpe, Reid, Boyles, Kelly, Carr, and Black, JJ., concurred.