## HOJNACKI v. HOJNACKI.

1. TRUSTS—CONSTRUCTIVE—CONVEYANCE TO SISTER WITHOUT HER CONSENT AND WITHOUT CONSIDERATION.

Rule that equity will impress a constructive trust on property, title to which has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness or necessities or any other similar circumstances which render it unconscionable for holder of legal title to retain and enjoy the property where there are no intervening rights of *bona fide* purchasers, and turn it over to one to whom it rightfully belongs *held,* inapplicable to case where grantor conveyed real estate involved to his sister as grantee, without her knowledge, without consideration, and for purpose of avoiding probate if plaintiff were killed pursuant to threats he had been receiving.

2. Deeds—Delivery—Conditions.

If grantor does not intend his deed to take effect until some condition is performed or the happening of some future event, he should either keep it himself or leave it with another person as an escrow to be delivered at the proper time.

3. Same—Delivery to Grantee—Intent.

Since a deed cannot be delivered in escrow or conditionally to the grantee, a valid delivery by the grantor to the grantee vests title in the grantee although it may be contrary to the intention of the parties.

4. Same—Delivery—Parol Proof of Condition.

Deed, delivered by grantor to grantee, which was intended by grantor to be subject to a future condition but with no express provision for recall by grantor and requiring no additional act on grantor's part to make it valid, may not be defeated by parol proof of such condition.

5. Same—Delivery and Acceptance.

Grantor who conveyed title of realty to sister, as grantee, without her knowledge, without consideration and in order to avoid probate in case he was killed *held*, not entitled to have deed set aside where it was subsequently delivered to and accepted by the grantee.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 7, 1937. (Docket No. 53, Calendar No. 39,549.) Decided November 10, 1937.

Bill by Alexander Hojnacki against Pauline Hojnacki to set aside deeds and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*Leemon, Starr & Fealk (Isadore Starr,* of counsel), for defendant.

Sharpe, J. Prior to November 24, 1930, plaintiff was the owner of a parcel of property located in Wayne county and for a long time had been living

on this property with his crippled sister, Pauline Hojnacki, the defendant herein. Previous to the above date, plaintiff had frustrated the efforts of an intruder who had entered into his place of business to rob him. Subsequent to the killing of one of the intruders, plaintiff received repeated threats upon his life from unknown sources; and believing that his life was in danger because of the threats and without the knowledge of defendant, plaintiff had a deed drawn, naming defendant as grantee. This deed was recorded. After a time the threats subsided and plaintiff requested that defendant reconvey the property to him and upon her refusal, plaintiff filed a bill of complaint seeking a decree placing the above property in his own name. The cause was referred to a circuit court commissioner who made a finding of facts and law the effect of which was that plaintiff was denied any relief. This finding was adopted by the trial judge.

Plaintiff appeals and contends that the court was in error in its failure to impress a constructive trust on the property in favor of plaintiff.

In *Racho* v. *Beach,* 254 Mich. 600, cited by plaintiff as authority for his claim, we said:

"However, when it is shown that title has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness or necessities or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property, and there are no intervening rights of *bona fide* purchasers, equity will impress a constructive trust on the property and turn it over to the one to whom it rightfully belongs."

The above citation of authority has no application to the facts in the case at bar. In the instant case the plaintiff conveyed the property to defendant

without her knowledge, without consideration, and for the purpose of avoiding probate if plaintiff were killed.

In *Dawson* v. *Hall,* 2 Mich. 390, we said:

"It is a well settled rule of law, that if the grantor does not intend that his deed shall take effect until some condition is performed, or *the happening of some future event,* he should either keep it himself, or leave it with some other person as an *escrow* to be delivered at the proper time."

In *Dyer* v. *Skadan,* 128 Mich. 348 (92 Am. St. Rep. 461), we quoted with approval from *Darling* v. *Butler,* 45 Fed. 332 (10 L. R. A. 469),

"The rule is ancient and familiar that a deed cannot be delivered in escrow to the grantee. When there is a valid delivery of a deed by the grantor to the grantee, it is impossible to annex a condition to such delivery; and the delivery vests the title in the grantee, although it may be contrary to the intention of the parties."

In *Wipfler* v. *Wipfler,* 153 Mich. 18 (16 L. R. A. [N. S.] 941), we said:

"Nor do we know of any authority which goes to the extent of holding that a deed delivered to a grantee with an intention on the part of the grantor that it shall be subject to a future condition, but with no express provision for recall by the grantor and requiring for its validity no additional act on the part of the grantor or any third person, can be defeated by parol proof of such condition."

From a reading of the record we find that delivery had been made to defendant. Plaintiff testified that he told defendant:

"Well, I have made out these deeds, but in case I don't get killed, I want them back."

Defendant testified as follows:

"Well, one afternoon he (the plaintiff) came home, and he says, 'Well,' he says, 'Here is your papers to your home,' and he gave it to me, and he says, 'These are the papers for your little home; the papers are yours.' I took it in my hand, I looked at it, and I saw that it was recorded."

In our opinion there was such delivery and acceptance of the deed in question as was necessary to transfer title and under the authority above cited, plaintiff is not entitled to relief.

The decree of the lower court is affirmed. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.