WILCOX *v.* WILCOX.

1. DEEDS—DELIVERY—INTENT—EVIDENCE.

    Deeds from grantor, an elderly woman, to a third party and from such third party jointly to grantor and plaintiff, a girl whom grantor and her late husband had taken at an early age, reared and educated but not adopted, *held,* not delivered with intent to pass any present interest in the property where evidence shows the unrecorded deeds were placed by grantor in a safety deposit box to which plaintiff had joint right of access, removed by plaintiff without grantor's knowledge or consent, recorded and returned to box, grantor testified deed, rather than will, was executed to save probate expenses and that she had never delivered the deed.

2. SAME—INTENT TO CONVEY AN INTEREST—DELIVERY.

    The intent of the grantor to convey an interest is an essential element of an effective delivery.

3. SAME—DELIVERY—TRANSFER OF POSSESSION OF DEED.
    A grantor must intend that the transfer of possession of a deed
    shall make the deed effective as a conveyance.

4. SAME—DELIVERY TO JOINT TENANT—EFFECT—INTENT—EVIDENCE.
    In suit by foster child to establish her interest in property al-
    leged to have been conveyed to her by means of two deeds, one
    from her elderly foster mother to a third person and other
    from third person to foster mother and plaintiff jointly, which
    deeds were contemporaneously executed, hence, considered to-
    gether, delivery of second deed to foster mother *held*, not to
    constitute a delivery to plaintiff where it is shown foster
    mother has never had intent at any time to have deeds pres-
    ently operative to convey an interest to plaintiff.

Appeal from Livingston; Collins (Joseph H.), J.
Submitted January 5, 1938. (Docket No. 42, Cal-
endar No. 39,734.) Decided February 24, 1938.

Bill by Grace E. Wilcox against John E. Wilcox
and Helen Willnow for an injunction, an accounting
and other relief. Decree for defendants. Plaintiff
appeals. Affirmed.

*Don W. Van Winkle,* for plaintiff.

*Shields & Smith,* for defendants.

BUTZEL, J. Defendant Julia E. Wilcox and her
husband, now deceased, for a number of years lived
on a farm near Blissfield, Michigan. They had no
children of their own. They took plaintiff, Grace E.
Wilcox, when four years of age and a younger
brother into their home. The children assumed the
name of Wilcox. Their foster parents never adopted
them but gave them love, care, education and sup-
port. Plaintiff graduated from high school in Bliss-
field, taught country school, worked in offices, stores
and factories, but always would return to the Wilcox

home where she was welcomed the same as if she were a daughter. She subsequently went to California and worked there for three years; in 1916 or 1917, she went to Howell, Michigan, where Mr. and Mrs. Wilcox had established their home. After a brief stay, plaintiff went to Detroit, but later returned to Howell where she secured employment in a store. It was at this time that defendant and her husband, as tenants by the entirety, acquired the Wilcox Apartment building in Howell, Michigan.

Plaintiff roomed and boarded with the Wilcox family and assisted with the work in the rooms of the Wilcox apartment. She paid no board or lodging, and received no wages, but was treated as a member of the family.

When Mr. Wilcox passed away in 1925, Mrs. Wilcox was about 70 years of age. In December, 1925, she went to the office of Willis L. Lyons, judge of probate, in Howell, who had been attorney for her husband and herself for many years. The testimony of both Mrs. Wilcox and Judge Lyons is to the effect that she came there to arrange her affairs. Judge Lyons testified that Mrs. Wilcox said something about making arrangements so that plaintiff might "receive" the apartment property after Mrs. Wilcox's decease. Mrs. Wilcox was inclined to give a deed of the property but reserve a life estate. Judge Lyons advised her that he preferred that the deed be made to Mrs. Wilcox and plaintiff as joint tenants so that the property would go to plaintiff without any legal proceedings in case of the prior death of Mrs. Wilcox. At the time, there was a discussion about making a provision in reference to the property in a will that Judge Lyons was preparing for Mrs. Wilcox but he advised the making of the deed. Deeds were prepared by a clerk in Judge Lyons' office, one conveying the property to a clerk, the

other reconveying it to plaintiff and Mrs. Wilcox, as joint tenants. At the same time, Mrs. Wilcox made a will of her other property to other relatives. There is some dispute as to just what happened thereafter. The deeds were taken home by Mrs. Wilcox and plaintiff claims that they were delivered to her. Mrs. Wilcox denies the delivery. They were not recorded but placed in a folder in a drawer, to which both parties had access. They remained there unrecorded until the spring of 1928, when Mrs. Wilcox placed them in a safety deposit box, which she rented in a bank at Howell. She also arranged that plaintiff should have access to the box. Plaintiff kept her own effects in one portion of the box and Mrs. Wilcox kept the deeds and other valuables in another portion.

Mrs. Wilcox, at about this time, took into her home a grandniece, Helen Willnow, codefendant, and a grandnephew. Difficulties arose between plaintiff and Helen Willnow and there was more or less quarreling between them. Plaintiff also quarreled with Mrs. Wilcox so that their relationship was no longer harmonious. Plaintiff, thereupon, in 1931, went to the safety deposit box, withdrew the two deeds, had them recorded, and then returned them to the safety deposit box. When the relationship between plaintiff and Mrs. Wilcox became increasingly unpleasant, Mrs. Wilcox went to the deposit box and discovered for the first time that the deeds had been recorded. Almost immediately thereafter, there was an open rupture between plaintiff and Mrs. Wilcox. Plaintiff claimed that the advent of Helen Willnow was the cause of all of the trouble and she filed a bill claiming an interest in the property and asking that an injunction be issued restraining Helen Willnow from either coming to the apartment building or occupying a portion thereof and from abusing and

threatening plaintiff or interfering with her. She also asked for an accounting for one-half of the net proceeds from the rentals from the property from the time she claims she became a joint owner. Mrs. Wilcox in her answer denied that plaintiff had any interest in the property, sought a decree declaring the deeds null and void, and that plaintiff be obliged to reconvey the property to Mrs. Wilcox, or that the decree, as recorded, operate as such deed.

The trial judge denied plaintiff any relief and set aside the deeds. In his opinion, he held that the transaction was testamentary in character, subject to revocation, and that the deed was never delivered with an intent to pass any present interest in the property. The trial judge was correct. Plaintiff testified that when Mrs. Wilcox first brought the deeds home, she stated that she did not want them recorded until after her death; that Mrs. Wilcox placed the deeds in the safety deposit box herself; and that plaintiff withheld the knowledge from Mrs. Wilcox that they had been recorded. The testimony of Judge Lyons leads to the conclusion that Mrs. Wilcox at the time simply wanted to see that the plaintiff would have the property in event of Mrs. Wilcox's death. Mrs. Wilcox testified that she only wanted to make a testamentary disposition and arrange to give plaintiff the property after her death and not before; that she executed the deed instead of a will in order to save probate expenses. She testified positively that she never gave plaintiff any idea she was to have the deed or that it was to be recorded prior to her death; that until that time she had reserved the right to do with the deed whatever she saw fit, and that there was never any delivery of the deed by her.

We believe that there is only one construction that can be placed on the entire testimony. Mrs. Wilcox

did not intend that during her lifetime plaintiff should have any interest in the property. She further intended to keep control of the disposition of the property. Unless the disputed transfer of possession of the deeds was accompanied with the intention of having it become presently operative, there was no delivery at all. The intent of the grantor to convey an interest is an essential element of an effective delivery. She must intend that the transfer of possession of the deed shall make the deed effective as a conveyance. *Schuffert* v. *Grote,* 88 Mich. 650 (26 Am. St. Rep. 316) ; *Phillips* v. *Farmers' Mutual Fire Ins. Co. of Kalamazoo County,* 208 Mich. 84 (7 A. L. R. 1606).

Plaintiff contends that she need not prove a delivery of the joint deed to herself by the defendant, because the transfer by the clerk in Judge Lyon's office to Mrs. Wilcox, as one of two joint tenants, constituted a delivery to plaintiff under the decision in *Mayhew* v. *Wilhelm,* 249 Mich. 640, which is based on entirely different facts. In the instant case, the clerk was a mere instrumentality, whose interposition was necessary only because of the technical requirement of unity of title in the creation of a joint tenancy. The two deeds were contemporaneously executed and must be considered together. The validity of the entire transaction was dependent upon the intent of Mrs. Wilcox and at no time, whether while in the office of Judge Lyons or thereafter, did she intend that the deeds should be presently operative to convey an interest to plaintiff.

We need not discuss other reasons presented by appellees for upholding the decree of the trial judge. It is affirmed, with costs to appellees.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.