WANDEL *v.* WANDEL.

1. Witnesses—Matters Equally Within Knowledge of Deceased —Waiver of Statutory Bar.

Admission of oral testimony by defendant husband and wife as to execution and delivery by them of deed to defendant husband's father, now deceased, was not error in suit by plaintiffs, brothers of defendant husband, to restore destroyed deed, where plaintiffs themselves offered the probate file of deceased's estate, which contained defendants' testimony given in the probate court and which was substantially the same as that objected to and plaintiffs again touched on the subject matter in cross-examination of defendants on trial, as plaintiffs may not open and close the door at will to such testimony as to matters equally within the knowledge of deceased (CL 1948, § 617.65).

2. Deeds—Delivery—Evidence.

The request of the grantee named in a deed that it be burned was as consistent with refusal to accept delivery as that both the grantors and grantee considered it to be under his control, under evidence showing that it had been so left that he could obtain it in the event defendants failed to return from trip they were to make after deed was executed by them.

3. Same—Delivery—Intent—Evidence.

Delivery of deed to 197-acre farm by defendant husband and wife to his father, now deceased, *held,* not to have been effectuated, where testimony indicates a belief on claimed grantee's part that he did not own the farm, there was no intent on the part of the grantors to give present effect to the instru-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 16 Am Jur, Deeds § 120 *et seq.*
[1–4] Conclusiveness of manual delivery of deed to grantee as an effective legal delivery. 56 ALR 746; 141 ALR 305.
Delivery of a deed without manual transfer or record. 129 ALR 11.

ment, the deed was not placed beyond the grantors' power to recall, nor was it so delivered as to vest title presently and unequivocally.

4. SAME—DELIVERY—ACCEPTANCE—BURDEN OF PROOF—EVIDENCE.

Evidence of the placing of a deed to a farm in a desk to which the grantee had access, under circumstances disclosing a testamentary arrangement and without intent to convey a present interest and its subsequent burning at the grantee's request failed to sustain plaintiffs' burden of proof that the deed had been delivered to or accepted by grantee, now deceased, who was the father of plaintiffs and defendant husband.

Appeal from Montcalm; Cash (Paul R.), J., presiding. Submitted January 6, 1953. (Docket No. 21, Calendar No. 45,553.) Decided March 10, 1953.

Bill by John A. Wandel and another against Henry M. Wandel and wife to determine title to real estate. Decree dismissing bill and quieting title in defendants. Plaintiffs appeal. Affirmed.

*J. A. Weitzel* (*Frederic F. Brace,* of counsel), for plaintiffs.

*Brake & Miel* (*Robert E. Price,* of counsel), for defendants.

DETHMERS, C. J.   John H. Wandel, deceased, was, in his lifetime, the owner of a 197-acre farm, the subject of this litigation. Defendants are husband and wife, the husband and both plaintiffs being the sons and sole heirs at law of deceased. In June of 1946, deceased conveyed the farm to defendants. Validity of that conveyance is not here involved. Defendants testified, over plaintiffs' objection, that in the fall of 1946 they intended to take a trip and, desiring that decedent should be protected and not left without a home if anything happened to them on the trip,

they executed a deed of the farm to him and read it to him; that they then placed the deed in an envelope on which, after sealing, defendant Eva wrote, "In case of our death this is the property of John H. Wandel" (deceased), signed Henry and Eva; that before leaving on the trip, and also on subsequent occasions when they left on like excursions, they placed the envelope, containing the deed, in a desk in the bedroom in their home occupied by deceased, where he could get it in the event of their deaths, and apprised him thereof on each occasion; that upon their return from such trips defendants always removed the deed from the desk and returned it to their own strongbox; that all this was done with deceased's full knowledge; that shortly before his death in February of 1949, at his request, defendant Eva burned the deed and envelope.

After deceased's death plaintiffs instituted discovery proceedings in probate court, requiring defendants to answer interrogatories put to them concerning the execution and alleged delivery of said deed by them. Their testimony, reduced to writing and signed and sworn to by them, was made a part of the probate file in the estate of John H. Wandel, deceased. Thereafter plaintiffs brought this suit seeking a decree restoring the destroyed deed and decreeing the farm to belong to the heirs at law of deceased.

On trial the plaintiffs offered and there was received into evidence the probate file containing defendants' testimony given in probate court. Thereafter plaintiffs objected to substantially the same testimony, given by defendants orally as witnesses at the trial, on the ground of its relating to matters equally within the knowledge of the deceased.[*] Defendants were allowed to testify over plaintiffs' ob-

---

[*] CL 1948, § 617.65 (Stat Ann § 27.914).—Reporter.

jection and the latter assign error. The very proofs objected to were already before the court by reason of plaintiffs' offer of the probate files. They also touched on the subject matter in cross-examination of defendants on trial. Plaintiffs may not open the door and close it again at will. See *In re Bennett's Estate,* 52 Mich 415; *Beardslee* v. *Reeves,* 76 Mich 661.

Was there delivery of the deed by defendants to deceased?

Plaintiffs cite *Dyer* v. *Skadan,* 128 Mich 348 (92 Am St Rep 461); *Commercial State Savings Bank* v. *Bird,* 254 Mich 418; *Tabor* v. *Tabor,* 136 Mich 255; *Dawson* v. *Hall,* 2 Mich 390; and *Hojnacki* v. *Hojnacki,* 281 Mich 636, for the proposition that a deed cannot be delivered to the grantee in escrow or subject to some condition not expressed therein, but that such delivery effectuates a present transfer of title to the grantee free from condition. Also cited are *Wipfler* v. *Wipfler,* 153 Mich 18 (16 LRA NS 941), and *Takacs* v. *Takacs,* 317 Mich 72, as holding that delivery cannot be made to the grantee subject to recall unless it is expressly so provided in the deed and that without such provision the delivery results in the deed taking immediate effect. These propositions of law, sound though they be, are beside the point inasmuch as the primary question raised is whether defendants ever delivered the deed to decedent at all.

Plaintiffs contend that defendants' burning of the deed at decedent's request disclosed that both parties considered it to be under his control. His request was as consistent with refusal to accept delivery. Plaintiffs also point to the conduct of parties after execution of the deed, claiming that it was inconsistent with ownership in defendants and, therefore, persuasive that the parties considered delivery to have been consummated. Stressed is divi-

sion of income from the farm between the parties, decedent's payment of taxes, insurance and 1/2 of other farm expenses, and his making of repairs and improvements on the farm. Defendants point out, however, that decedent lived with them, that they took care of him, that they were in possession and worked the farm, made substantial improvements thereon at their own expense and effort, and had the taxes assessed in their name. In view of all the facts in the case and the relationship between the parties their acts in the above respects were not necessarily inconsistent with ownership of the farm by defendants. Statements by decedent that he wanted the farm to belong to defendants and asking defendants' son-in-law to act as administrator of his estate (consisting of considerable property aside from the farm in question), et cetera, do not appeal to us as disclosing a belief on his part that he owned the farm.

In *Schuffert* v. *Grote,* 88 Mich 650 (26 Am St Rep 316), a father executed a deed of real estate to his son, handed it to him and stated that he would not like it to be recorded until after his death, whereupon the son handed it back to him saying that he did not want possession of property until after the father's death. The father retained possession of the real estate and of the deed, which he later destroyed. Held, that the deed was not delivered and conveyed no title to the son. Decision was predicated on a finding, equally appropriate to the facts in the instant case, that, "It was clearly not the intention of the grantor in this case to convey to his son either possession or title until his death." This Court said, "The object of a delivery is to indicate an intent on the part of the grantor to give effect to the instrument." Such was not the intent of the defendants in this case at any time.

In *Hynes* v. *Halstead,* 282 Mich 627, where grantor placed a deed in the hands of an escrow agent for delivery after his death to grantee, we held that any act presumptively a delivery of a deed will not be a delivery if the intent to make it such is wanting; that to constitute delivery the deed must be given to another with intention to place it beyond grantor's recall and to vest title presently and unequivocally; that the act of depositing a deed with a third party, to be delivered by him to grantee after grantor's death, would be testamentary in character and could not be consummated by a deed; that the test of conveyance is whether it can be said that delivery of the deed was such as to convey a present interest in the land. Applied to the facts in the instant case these tests impel to the conclusion that there was no delivery. To the same effect see *Noakes* v. *Noakes,* 290 Mich 231, and *Pollock* v. *McCarty,* 198 Mich 66, and cases therein cited.

In *Wilcox* v. *Wilcox,* 283 Mich 313, the grantor executed a deed and placed it in a safety deposit box, to which she and the grantee had joint right of access, with the intention that grantee should own the property at her death. We held delivery was wanting because delivery is dependent upon an intent on the part of grantor to have the deed presently operative to convey an interest to grantee. Such was not the intent of defendants when they placed the deed in the desk before departing on a journey.

For facts similar to those at bar, see *Dillon* v. *Meister,* 319 Mich 428. There the grantor executed a deed, placed it in an envelope, sealed it, wrote grantee's name thereon and, all with grantee's knowledge, caused it to be placed in a locked desk located in a room in grantee's home adjacent to the room which he occupied and rented from her, stating, in grantee's presence, that he wanted her to receive the property at his death. We held that these acts of

the grantor did not constitute delivery and that title had not passed to grantee.

There was no manual delivery of the deed by defendants to the deceased. When they placed the deed in the desk on different occasions they contemplated a testamentary arrangement. On no one of those occasions was it intended by any of the parties that the deed should operate presently to convey title to decedent. While it may have been within the power of decedent to take the deed from the desk, plaintiffs have not sustained the burden, reposing on them, of showing that decedent ever accepted delivery, even if defendants' placing it in the desk were to be termed a tender of delivery.

Decree quieting title in defendants as against the claims of plaintiffs and dismissing the bill of complaint is affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.