SCHMIDT *v.* JENNINGS.

1. DEEDS—DELIVERY—ACCEPTANCE.

The act of delivery of a deed is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is the act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

2. SAME—DELIVERY—EVIDENCE.

Evidence as to acts of grantor in having deed from herself to a "straw man" and from latter to grantor and plaintiffs, her sons, as joint tenants with right of survivorship, recorded and placed in a safety deposit box, simultaneously executing will without mention of the deeded property, later stating that · she had deeded the property to plaintiffs, and then some 13 years later seeking and getting a reconveyance of the property to her for tax purposes *held,* sufficient to justify finding of trial judge that grantor had effected delivery of the earlier deeds.

3. SAME—DELIVERY TO ONE OF SEVERAL JOINT GRANTEES.

Delivery to one of several joint grantees, in the absence of proof to the contrary, is delivery to all of the grantees.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds § 110.
[2, 4] 16 Am Jur, Deeds §§ 135, 136.
[3] 16 Am Jur, Deeds §§ 126, 127.
[5] 16 Am Jur, Deeds § 153.
[6] 16 Am Jur, Deeds § 129.
[7] 17 Am Jur, Dower § 56; 26 Am Jur, Homestead § 63.
[8] 17A Am Jur, Dower § 56.
[9] 58 Am Jur, Witnesses § 357.
[10] 58 Am Jur, Witnesses §§ 355–357.
[11] 12 Am Jur, Contracts § 42; 49 Am Jur, Specific Performance §§ 40, 41.

4. SAME—DELIVERY—RECORDING.

A deed was properly found to have been delivered, where grantor had had it recorded, notwithstanding grantees therein were unaware of its existence and it had not been manually delivered to them.

5. SAME—ACCEPTANCE—PRESUMPTIONS.

Acceptance of a beneficial grant will ordinarily be presumed.

6. SAME—DELIVERY—EVIDENCE.

Acts of grantor in asking for a reconveyance of property from her sons, which she had made some 13 years theretofore, and their reconveyance thereof constituted satisfactory evidence upon which to justify finding that a delivery of the earlier deed had been effectuated.

7. JOINT TENANCY—HOMESTEAD—DOWER.

The wife of a joint tenant does not have a homestead or dower right in her husband's interest in the estate.

8. SAME—TRANSFER OF INTEREST BY MARRIED MAN.

A husband who has a joint tenant's interest in property may transfer his interest free from his wife's claims at any time.

9. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —WAIVER OF PROTECTION OF STATUTE.

A party having a pecuniary interest in property willed to her by decedent, who testified as to matters equally within the knowledge of decedent, waives the protection of the so-called dead man's statute and enables the opposite party to give testimony in contradiction (CL 1948, § 617.65).

10. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— WAIVER OF OBJECTIONS AND STATUTE.

The party protected by the statute barring testimony by an opposite party because it pertained to a matter equally within the knowledge of a party now deceased may (1) object to the testimony and rely upon the objection; or (2) let the testimony be received without objection and thereby waive the statute; or (3) notwithstanding the objection, offer equally incompetent testimony on the same matter, and thereby waive both the objection and the statute (CL 1948, § 617.65).

11. SPECIFIC PERFORMANCE—CONTRACT TO CONVEY PROPERTY.

A promise to reconvey property to plaintiffs if they would convey it to the promisor, made allegedly to effect a tax benefit, *held*, to constitute an offer that was accepted by execution of the conveyance, thereby establishing a contract subject to specific performance.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted January 12, 1960. (Docket No. 53, Calendar No. 48,204.) Decided April 11, 1960.

Bill by Henry S. Schmidt and George R. Schmidt against Lucille S. Jennings, individually and as executrix of the estate of Lillian A. Schmidt, deceased, to set aside deed or, in the alternative, for specific performance of agreement to devise property. Decree for plaintiffs. Defendant appeals. Affirmed.

*McClintock, Fulton, Donovan & Waterman,* for plaintiffs.

*Donald G. Jennings,* for defendant.

KAVANAGH, J. Plaintiffs sought specific performance of an oral agreement by decedent to recover certain real property, or, in the alternative, to set aside a certain deed.

For some time prior to 1941 decedent, Lillian A. Schmidt, was the owner of 2 separate and adjacent pieces of property upon each of which was located a 4-family rental unit. The property here in dispute concerns the ownership of one of these pieces of property with its accompanying rental unit.

Decedent had 4 children, 2 sons and 2 daughters. Plaintiffs herein are decedent's sons. One daughter is the defendant. The other daughter is not a party to this action.

During the year 1941 decedent visited the office of an attorney. During the course of such visit 3 deeds and a will were executed. One of the deeds was from decedent to the attorney's wife, which deed, after recordation, was returned to her attorney-husband. A second deed was from the attorney's wife to decedent and plaintiffs as "joint tenants with right of survivorship, and not as tenants in common." The

property here in dispute is the land included in this deed. A third deed involving the similar, adjacent piece of property placed title in the decedent and her 2 daughters. The will, drawn the same day, does not mention any of the deeded property. Both the second and third deeds, after recording, were kept in the joint safety deposit box of decedent and the defendant until 1955, when they came under defendant's exclusive control and possession.

During the latter part of 1953 and the early part of 1954 decedent and defendant's son, who was at that time employed by the United States internal revenue service, discussed decedent's property matters. These discussions resulted in recommendations by defendant's son that decedent get these properties back from her children and then make a testamentary disposition back to them. This transaction was supposed to result in a favorable tax benefit for the children. The decedent was not financially interested in the transaction.

On June 15, 1954, decedent held a meeting with plaintiffs. At this meeting decedent stated she had some time before put the property here involved in her sons' names and the adjacent property in her daughters' names. She mentioned the advice she had received relative to a tax advantage for the children if the property were deeded back to her, and decedent requested such reconveyance by the plaintiffs. Decedent told plaintiffs this transaction wouldn't change anything and that they would get the property back just as it was. Therefore, plaintiffs followed decedent's request and deeded the property back to her.

On the following day, at a similar meeting between decedent and her daughters, the latter deeded the other piece of property to decedent after substantially the same discussion and request had been made by decedent.

Approximately 3 weeks later decedent made a will wherein she specifically devised her property to her 4 children, share and share alike.

On July 25, 1955, decedent made another will, her last, wherein she specifically devised both the properties formerly deeded to the 4 children to defendant alone.

In September, 1957, decedent died. Upon admission of the 1955 will to probate, plaintiffs brought this action, in the alternative, either (1) to set aside plaintiffs' 1954 deed to decedent, or (2) to compel specific performance of decedent's promise to reconvey the property here in question to plaintiffs as joint tenants.

Upon trial in the circuit court it was found as a matter of fact there was delivery of the 1941 deed; that plaintiffs' deed back to decedent was made for tax purposes only; and that decedent promised plaintiffs she would return the property to them. In accordance with such findings the court decreed specific performance by defendant of such promise of the decedent. From such decree, defendant appeals to this Court.

Upon this appeal defendant claims there was no valid delivery of the 1941 deed by decedent nor acceptance of such deed by plaintiffs. Defendant also contends certain testimony of the wife of one of the plaintiffs was improperly admitted contrary to the dead man's statute, CL 1948, § 617.65 (Stat Ann § 27.914). Defendant further alleges no contract was proven between decedent and plaintiffs whereby the former promised to will or otherwise reconvey a portion of her property to plaintiffs upon her death.

Concerning the question of delivery of the 1941 deed, the following facts must be considered as found by the lower court from the testimony and evidence presented at the trial. Decedent told her daughter Elsie, who is not a party to this suit, while on their

way home after decedent executed the deeds, that
she had deeded the back flat to the boys (plaintiffs)
and the front flat to the girls. Defendant also ad-
mitted decedent told her the same thing later. The
3 deeds executed in 1941 were all recorded. The one
from decedent to the wife of the attorney who drew
up the deeds for decedent was returned to such attor-
ney. The other 2 deeds were returned to decedent
and placed in a safety deposit box held in the joint
names of decedent and defendant and after dece-
dent's death in the sole possession of defendant.
Various witnesses testified decedent had said she
wished the property deeded back to her as a tax
benefit could accrue to the children and that such re-
conveyance wouldn't change anything.

In the case of *Hynes* v. *Halstead,* 282 Mich 627, the
Court held that the act of delivery is not necessarily
a transfer of the possession of the instrument to the
grantee, and an acceptance by him, but it is that act
of the grantor, indicated either by acts or words, or
both, which shows an intention on his part to perfect
the transaction by a surrender of the instrument to
the grantee, or to some third person for his use and
benefit. In the instant case decedent had the deeds
recorded and told others, both at the time of the
execution of the deeds and at later times, that she
had deeded the property to her children, one flat to
her sons and the other to her daughters. Decedent
further failed to mention the deeded property in her
will drawn on the same day the deeds were executed.
At the meetings of June 15 and 16, 1954, decedent re-
quested a reconveyance of the property by her chil-
dren to enable them to obtain a tax benefit. All of
these words and acts were indicative of an intention
by decedent to convey the property to the grantees.

Defendant contends the delivery of the deed to the
property here in question by the decedent through
the straw man (the wife of the attorney who drew up

the deeds) to herself and plaintiffs jointly did not constitute delivery to plaintiffs. The governing principle in answer to this contention was enunciated in the case of *Mayhew* v. *Wilhelm*, 249 Mich 640, where the Court stated the following rule (p 646):

"Delivery to one of several joint grantees, in the absence of proof to the contrary, is delivery to all of the grantees."

In the *Mayhew Case* the decedent mother had deeds executed through a straw man from the mother, as grantor, back to herself and her 3 children as joint tenants, as grantees. The mother had the instruments recorded and returned to her, where they remained until her death. The mother also made a will simultaneously with her creation of the joint tenancies bequeathing her personalty. The Court found an effective delivery existed and granted relief accordingly.

The case of *Reed* v. *Mack*, 344 Mich 391, involved the following factual situation: Plaintiff, one of several joint grantees, brought action against a cograntee to establish her right to a 1/2 interest in the deeded property. The defendant joint cograntee was also one of the grantors (along with her husband) who had the property deeded back to herself as 1 of 3 joint cograntees. Upon execution, the deed was returned to defendant who subsequently had it recorded and returned to herself, and retained complete custody of it. At least 1 and perhaps both of the other 2 joint cograntees did not appear to have learned of the deed until several years after the recording of the deed. In affirming the decision of the lower court and holding a valid delivery had been effectuated, the Court said (p 397):

"We are in agreement with the trial court. The defendant-appellant, a grantor in the deed, caused the recording of the deed, the delivery of which she

attacks. The recording of a warranty deed may, under some circumstances, be effectual to show delivery. *Compton* v. *White,* 86 Mich 33. A delivery to one of several joint grantees, in absence of proof to the contrary, is delivery to all. *Mayhew* v. *Wilhelm,* 249 Mich 640. While placing a deed on record does not in itself necessarily establish delivery (*Camp* v. *Guaranty Trust Co.,* 262 Mich 223), the recording of a deed raises a presumption of delivery, and the whole object of delivery is to indicate an intent by the grantor to give effect to the instrument. *Gibson* v. *Dymon,* 281 Mich 137."

Defendant contends the case of *Wilcox* v. *Wilcox,* 283 Mich 313, is in point as showing a lack of delivery under the instant facts. In *Wilcox* the grantor-defendant wished to make a testamentary disposition of her property. She deeded the property through a straw man to herself and plaintiff as joint tenants with right of survivorship. The deed was returned to defendant and retained by her. Upon a subsequent dispute the plaintiff cograntee secretly had the deed removed from defendant's deposit box and recorded. Under such facts the court found the grantor had not intended a present conveyance of an interest in the property and that there was in fact no delivery. The facts in *Wilcox* and the case at bar are clearly distinguishable. In *Wilcox* there was no proper recording; here the grantor had the deeds properly recorded. In *Wilcox* the grantor was alive and testified the deed was not intended as a present conveyance, but was only to take effect upon her death; here the grantor was dead at the time of the suit but had stated, while alive, that she "had deeded" the property to her children. In *Wilcox* the grantor retained possession of all the deeds; here she did not have possession of the deed to the straw man.

The fact that the plaintiffs were not informed of the existence of the deed until they were requested

to reconvey the property to decedent does not mitigate against the effectuation of a valid delivery. Thus it has been stated:

"Where a deed has been recorded, and acted upon by the mutual concurrence of grantor and grantee, that amounts to a delivery, and the fact that it was originally made without the knowledge of the latter, and not manually delivered to him, is of no importance." (Syllabus, *Jackson v. Cleveland,* 15 Mich 94 [90 Am Dec 266].)

The above rule was recognized in *Gould v. Day,* 94 US 405, 412 (24 L ed 232, 234), where the court wrote as follows:

"It is true that Jackson was ignorant of the fact that Anthony had made a deed of the lands to him in 1865, until he was called upon to reconvey them; but, when informed of the fact, he immediately acted upon the assumed validity and operation of the instrument, and executed the desired conveyance. Now, while it is law that a delivery of a deed is essential to pass an estate, and there can be no delivery without a surrender of the instrument or the right to retain it, such delivery will be presumed, in the absence of direct evidence, from the concurrent acts of the parties recognizing a transfer of the title. The question here is not whether the delivery took place at the date of the deed, but whether it took place at all. The acts of the grantor and grantee—the one in asking a reconveyance and the other in making it— were satisfactory evidence that at that time the delivery had been made, and they justified the finding of the jury that the deed had been accepted by Jackson. *Jackson v. Cleveland,* 15 Mich 94 (90 Am Dec 266)."

Next, defendant contends there was never a valid acceptance by plaintiffs of the 1941 deed. Defendant does not allege that the plaintiffs were not informed of the 1941 deed at the time reconveyance was sought

in 1954, nor does she contend there cannot be valid acceptance of a deed some time subsequent to the execution and delivery of the deed. However, defendant claims that when plaintiffs discovered the existence of the deed, decedent did not have any intention that the deed should be delivered and was, in fact, taking steps to secure the unencumbered title back in herself. Defendant relies upon the following statement in the case of *Meade* v. *Robinson*, 234 Mich 322, 329:

"Adult grantees, *sui juris*, must, to make deeds to them effective and determinative of intervening rights of third persons, actually assent thereto. Assent may be presumed if rejection is not made, but assent cannot be.presumed during a period the grantee had no knowledge of the existence of the deed."

It is clear that the acceptance of a beneficial grant will ordinarily be presumed. *Hynes* v. *Halstead,* 282 Mich 627; *Tackaberry* v. *Monteith,* 295 Mich 487. Here there was no evidence showing nonacceptance, but conversely when plaintiff grantees reconveyed the property at the grantor's request, such act would indicate acceptance by the grantees. In this connection, the last sentence of the quoted portion of the case of *Gould* v. *Day,* 94 US 405, 412 (24 L ed 232, 234), may be restated:

"The acts of the grantor and grantee—the one in asking a reconveyance and the other in making it— were satisfactory evidence that at that time the delivery had been made, *and they justified the finding of the jury that the deed had been accepted by Jackson.*" (Citing *Jackson* v. *Cleveland,* 15 Mich 94 [90 Am Dec 266].) (Emphasis supplied.)

In *Flood* v. *Flood,* 295 Mich 366, decedent-grantor negotiated with one Scott for an exchange of property and decedent and his wife executed a warranty deed to Scott and his wife. Since the exchange was not consummated, decedent retained the deed. Sub-

sequently the deed was recorded by Flood and the following day a deed from the Scotts to defendant (Flood's son) was recorded. Although the Scotts testified there had been no actual delivery of the deed from decedent to themselves, the Supreme Court found there had been a valid delivery and acceptance. The Court, speaking through Justice Wiest, said (p 369):

"The deed by the Scotts was an act of acceptance thereof for the purpose intended and their deed to defendant vested title beyond assail by heirs at law of the deceased grantor."

It seems clear there was both a valid delivery and acceptance of the 1941 deed in the case at bar.

Defendant next contends testimony was improperly introduced by allowing the wife of one of the joint-grantee plaintiffs to testify as to matters equally within the knowledge of decedent contrary to statute.* Defendant relies on *Laird* v. *Laird,* 115 Mich 352, which held the wife of one of the parties is barred from testifying as to matters equally within knowledge of deceased where the matter at issue involves real property.

Plaintiffs contend the wife under the instant facts is not an opposite party, and even if she were, defendant waived the statute by herself testifying as to such matters. Plaintiffs also claim the assailed testimony is not indispensable to plaintiffs' case, since other unchallenged witnesses testified to the same facts.

The *Laird Case* upon which defendant relies held the wife barred by the provisions of the opposite party statute as being a party in interest because she was entitled to homestead and dower rights in any real property of which her husband should die seized.

---

* CL 1948,.§ 617.65 (Stat Ann § 27.914).

The reasoning in the *Laird Case* for excluding the testimony is not applicable to the facts in this case. Here the wife of one of the plaintiffs has no homestead or dower rights in the deeded property. Here the property was conveyed and to be returned in joint tenancy, and the husband could transfer the property free from his wife's claims at any time. In *Midgley* v. *Walker,* 101 Mich 583, 584 (45 Am St Rep 431), this Court said:

"There can be neither dower nor curtesy of an estate held in joint tenancy, and a devise by one joint tenant of his share will be inoperative, inasmuch as the right of survivorship takes precedence."

See, also *Smith* v. *Smith,* 290 Mich 143 (124 ALR 215).

It would also seem defendant has no basis for her claim of the admission of objectionable testimony contrary to the opposite party statute, since defendant herself testified as to the same matters, thus waiving at trial any protection offered by the statute. It is clear defendant has a direct pecuniary interest in the property, having been willed it by decedent's last will and testament. When a witness having a pecuniary interest in the estate testifies as to matters equally within the knowledge of the decedent, the witness waives the protection of the statute and enables testimony to be given by an opposite party. *In re Einfeldt's Estate,* 286 Mich 537.

Speaking of waiver of the protection offered by the statute, this Court said in *Rock* v. *Gannon Grocery Co.,* 246 Mich 545, 551:

"The statute is a shield and not a sword. Death having sealed the lips of one, the statute closes the lips of the other, except in contradiction of testimony given by witnesses having a pecuniary interest in the recovery. The statute recognizes a condition occasioned by death and establishes equality between the living in interest, but does not permit the living,

in behalf of their pecuniary interest, to advance a sword from behind the shield and forbid its parry. It has long been held that the statute may be waived. It is manifestly unfair to permit those having a pecuniary interest in the suit to testify to matters equally within the knowledge of the deceased and to deny the opposite party the right to contradict or be heard with reference to such testimony."

See, also, *Newton* v. *Freeman,* 213 Mich 673; *Daniels* v. *Goodwin Pontiac Co.,* 348 Mich 121.

In *Tackaberry* v. *Monteith,* 295 Mich 487, plaintiff was the daughter and heir-at-law of one John S. Monteith, deceased, and the administratrix of his estate. She was also administratrix of the estate of Caroline Monteith, mother of John S. Monteith and defendant Fred Monteith. Caroline was the former owner of the property in question and occupied it until her death in 1932. John S. Monteith died in 1928. Plaintiff sought to establish the validity of a deed dated April 5, 1918, of the property at issue which purported to have conveyed title to plaintiff's father, John S. Monteith. Plaintiff also sought cancellation of a deed dated March 29, 1932, which purported to convey the property to defendant. In his cross bill defendant sought cancellation of the 1918 deed. Upon judgment for plaintiff, defendant appealed asserting, *inter alia,* error in the allowance of testimony by plaintiff as in violation of the opposite party statute. Rejecting such argument, the Supreme Court wrote as follows (p 490):

"At the outset we are confronted with appellant's claim that the trial judge over defendant's objection erroneously permitted plaintiff to testify to matters equally within the knowledge of her deceased grandmother. Appellant asserts that as the grantee in the Caroline Monteith deed which plaintiff seeks to have annulled, he stands in the position of an assignee of the deceased (*Ripley* v. *Seligman,* 88 Mich

177); and further that plaintiff as the heir-at-law of John S. Monteith is the opposite party in interest to defendant. We think appellant's contention is correct. CL 1929, § 14219* (Stat Ann § 27.914); *Bailey* v. *Holden,* 113 Mich 402; *Sheldon* v. *Carr,* 139 Mich 654.

"But, as pointed out in appellee's brief, notwithstanding plaintiff's testimony as to matters equally within the knowledge of Caroline Monteith, deceased, was objectionable, defendant waived the objection by also testifying to matters equally within the knowledge of deceased. The record clearly discloses testimony by defendant of this character. The statute applies in this case equally to plaintiff and defendant.

" 'The opposite party by so introducing the prohibited testimony has waived the statute. The other protected party may either: 1. Object to the testimony and rely upon his objection; 2. Let the testimony be received without objection, in which event he also waives the statute; or 3. Notwithstanding his objection, offer equally incompetent testimony as to the same matter, in which event he waives not only his objection but also the statute.' *Newton* v. *Freeman,* 213 Mich 673, 677, 678."

Lastly, defendant contends there was no competent evidence upon which the court could base its conclusion that a contract existed wherein decedent promised to devise or otherwise leave a specific portion of her property to plaintiffs. The trial court found as a fact such a contract did exist whereby decedent promised plaintiffs they would get the property back. Various witnesses testified unequivocally that decedent promised plaintiffs the reconveyance to her wouldn't change anything and plaintiffs would get the property back. Previous to such promise the tax benefit was explained to plaintiffs by decedent

---

* CL 1948, § 617.65.

telling plaintiffs a tax saving could be realized by them if they deeded the property back to her.

Weighing all the testimony in the light of the entire record clearly shows a contract was formed. All witnesses to the transaction involving the 1954 reconveyance testified the purpose of the action was to effect a tax saving for the children. It is clear plaintiffs could not receive any tax benefit if the property were not returned to them. All the essentials of a contract were present at the 1954 meeting. Decedent's attorney-agent, acting on her behalf at the meeting, told plaintiffs that decedent wished the property back. Defendant's son, who was an internal revenue agent, was also present and told plaintiffs the reason for the reconveyance was to effect a tax benefit for the children. Decedent told plaintiffs they would get the property back and that the reconveyance wouldn't change anything. This constituted an offer and promise. Reliance upon such offer by the execution of the deed back to decedent was the acceptance and consideration. Thus a valid contract was established between the parties which was subject to specific performance.

In *Jolls* v. *Burgess*, 252 Mich 437, plaintiffs' father had willed a portion of his estate to his brother. Defendant was a friend and acquaintance of the brother and had been given gifts during his life and willed part of his estate upon the brother's death. Plaintiffs claimed that before the gifts were given to defendant, the brother (their uncle) had promised he would will them all his property in consideration of their refraining from contesting their father's will in which he was a beneficiary and which will was subsequently admitted to probate. Plaintiffs alleged violation of the contract and sought specific performance. Defendant denied the existence of any contract. The testimony disclosed plaintiffs' uncle's attorney stated his client would leave all his property

to plaintiffs if they did not contest their father's will. After such statement plaintiffs' counsel asked plaintiffs' uncle if the statement of his attorney was correct. The uncle nodded and said "Yes." Relying on such promise, plaintiffs did not contest the will. Other witnesses also testified plaintiffs' uncle admitted having agreed to will all his property to plaintiffs if they would not contest their father's will. In affirming the lower court, the Supreme Court held such testimony established the existence of a valid contract and decreed specific performance.

We affirm the trial court's finding that a valid, enforceable contract was entered into and its decree of specific performance.

Based on the foregoing determination of the issues raised by defendant on this appeal, it is unnecessary to consider other issues raised by appellee in support of the lower court decree. The decree of the circuit court is affirmed. Plaintiffs shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred.

SOURIS, J., did not sit.